IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL ANTHONY HUGHES, TDCJ-CID NO.556516, Plaintiff, | § § § § |
| v. | §  CIVIL ACTION NO. H-05-456 |
| RICHARD MAYS, et al., Defendants. | § § § § |

ORDER

On February 10, 2005, plaintiff filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983. However, plaintiff failed to respond to the Court's Notice of Deficient Pleading, entered on February 28, 2005, requesting that he either pay the required filing fee or submit a certified copy of his inmate trust fund account statement within thirty days. (Docket Entry No.2). Consequently, on October 26, 2005, the Court dismissed plaintiff's complaint for want of prosecution. (Docket Entry No.13). Pending is plaintiff's motion to set aside the Court's judgment pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. (Docket Entry No.14).

Under Rule 60(b), a district court may relieve a party from final judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other

misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). The decision to alter or amend a judgment is committed to the district court's discretion and, in that regard, that decision need only be reasonable. Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 353 (5th Cir. 1993).

In the present motion, plaintiff claims the Order of Dismissal is void because he has a meritorious complaint. (Docket Entry No.14). The Court dismissed plaintiff's complaint on procedural grounds and did not reach the merits of plaintiff's complaint. Therefore, whether plaintiff's complaint is meritorious has no bearing on the validity of the dismissal order. Moreover, plaintiff does not address and does not cure the deficiencies discussed in the dismissal order. Accordingly, he fails to show that he is entitled to relief under Rule 60(b)(4). The Court DENIES plaintiff's "Motion for Rule 60(b)(4) Proceedings Requesting this Court to Immediately Set the Null and Void Judgment Aside, Dismiss and Vacate the Same Because Each and Every Judgment is Null and Void." (Docket Entry No.14).

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, on January 5, 2006.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE